IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.K. WADE, | No. C 06-2925 CRB |
| Plaintiff, | Related Case No. C 06-2346 CRB |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff E.K. Wade, acting in pro per, now brings this action against the United States of America for claims based on race discrimination and improper retaliation arising out of his related Federal Tort Claims Act ("FTCA") lawsuit. Three related actions were previously dismissed for failure to exhaust administrative remedies, and the Court issues a separate order in a fourth related case also subject to a motion to dismiss. Now pending before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction. After carefully considering the record, and with the benefit of oral argument, defendant's motion is hereby GRANTED.

**BACKGROUND**

Plaintiff alleges that individuals at the Department of Veteran Affairs ("VA") hospital in Martinez, California, denied him mental health and prescription benefits because of his race and as an act of retaliation in response to his FTCA suit against the hospital. Compl. ¶

8. Plaintiff argues that the practitioners' stated reasons for the refusal–that plaintiff was already covered by Kaiser Permanente and could not receive benefits from both the VA and Kaiser– were pretextual.  Compl. ¶ 10.  Plaintiff brings four claims apparently arising out of federal statutes: 1) denial of equal access and equal protection, 2) racial discrimination, 3) retaliatory discrimination, and 4) conspiracy to interfere with civil rights.  As a result of the hospital's actions, plaintiff claims he "sustained injuries of shock, anxiety, exacerbated emotional distress, and increased rage, all of which have caused, and continue to cause Plaintiff great mental and nervous pain and suffering."  Compl. ¶¶ 12, 16, 20, 24.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must prove that the Court has jurisdiction to decide the case.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction.... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted).  The Court accepts the allegations of the complaint as true and construes them in the light most favorable to the plaintiff.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The Court may dismiss a claim only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986)).

## DISCUSSION

Defendant filed a motion to dismiss the original Complaint.  Similar to the related case, Wade v. United States, Case No. C 06-2346 CRB, defendant argues that the VA was an improper party and should be dismissed, and that plaintiff's claim for punitive damages should be stricken.[1]  For the same reasons outlined in the related case–namely, that defendant properly filed an Amended Complaint after the motion to dismiss which removed the claim for punitive damages and replaced the VA with the United States–those arguments are no

---

[1] Unlike the related case, plaintiff did not request a jury trial in this matter, so that request is not at issue in this matter.

2

longer relevant. Plaintiff subsequently submitted a Second Amended Complaint seven days after he filed the first. Yet he did not move for leave to file it, as required by Rule 15(a), and the Court therefore disregards it.[2]

Defendant further argues that replacing the VA with the United States as the proper defendant does not cure the Amended Complaint's lack of subject matter jurisdiction. A plaintiff suing the United States for damages must do so under federal legislation that expressly waives federal sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Subject matter jurisdiction in federal court is dependent on such consent. See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Here, where plaintiff's claims sound in tort, the FTCA is the sole basis under which plaintiff may file his claims for damages against the United States. See F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998). FTCA claims, however, must be based on the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The Supreme Court has interpreted this to mean the law of the state in which the tort was alleged to have happened. See Meyer, 510 U.S. at 478 ("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State–the source of substantive liability under the FTCA."). Therefore, violations of rights derived from the constitution or from federal statutes do not provide a basis for recovery under the FTCA. Id. at 478 ("[F]ederal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); see also Love v. U.S., 60 F.3d 642, 644 (9th Cir. 1995) ("The breach of a duty created by a federal law is not, by itself, actionable under the FTCA."). Indeed, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." Meyer, 510 U.S. at 478.

---

[2]Plaintiff's Second Amended Complaint apparently attempts to cure the deficiencies of his First Amended Complaint by adding both claims and laws which establish defendant's liability. These laws, however, are exclusively federal or constitutional in origin. Thus, even if this Court were to accept the Second Amended Complaint, it would not change the analysis of the First Amended Complaint that follows.

3

At oral argument, plaintiff expressly argued that he was not suing under the FTCA. Instead, he argued that his lawsuit was permitted by a recent Supreme Court case, <u>United States v. Georgia</u>, 126 S.Ct. 877 (2006). Yet that case dealt exclusively with state sovereign immunity, not federal sovereign immunity, and therefore is inapposite. Even if the Court were to construe plaintiffs claims as arising under the FTCA, he does not identify any state law as the basis for damages recovery as required by the statute. The Amended Complaint mentions 28 U.S.C. section 2675(a) and 31 U.S.C. section 1304(b)(1)(B) as sources of the United States' liability, and also refers to a number of federal statutes, regulations and constitutional amendments. But these federal statutes, regulations and constitutional provisions are insufficient to confer subject matter jurisdiction in this Court. See <u>Delta Savings Bank v. United States</u>, 265 F.3d 1017, 1024 (9th Cir. 2001) (Plaintiffs cannot "suggest, without support, that an FTCA claim can be brought for violations of federal statutes that provide private federal causes of action, even if there is no analogous state law.") Because plaintiff's claims against the United States do not rely on California state law, the Amended Complaint fails to properly allege a cause of action under the FTCA. Therefore, the Court lacks subject matter jurisdiction over this lawsuit, and the motion to dismiss is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 7, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE